# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

ATLAS SPINE, INC.

    a Florida corporation,

        Plaintiff,

v.

SPINAL GENERATIONS, LLC

    an Illinois limited liability company,

        Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, ATLAS SPINE, INC. (hereinafter "Atlas"), sues the Defendant, SPINAL GENERATIONS, LLC (hereinafter "Spinal"), and complains as follows:

### JURISDICTION AND VENUE

1. This is an action to declare the rights of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Patent Laws of the United States 35 U.S.C. § 271 et. seq.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

3. Upon belief, this court has personal jurisdiction over the Defendant pursuant to Florida Statutes Ch. 48.193(1) and (2), by virtue of its substantial and continuous activity in this state, including the Defendant's sale of products embodying the patented invention in Florida and throughout this District.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. The Plaintiff, ATLAS SPINE, INC., is a Florida corporation with its principal place of business located at 1555 Jupiter Park Drive, Suite 4, Jupiter, FL 33458. The Plaintiff engages in the development, marketing, and manufacturing of spinal instruments and implants.

6. The Defendant, SPINAL GENERATIONS, LLC, is an Illinois limited liability company with its principal place of business at 20060 Governors Drive, Suite 300, Olympia Fields, IL 60461.

7. Upon information and belief, SPINAL GENERATIONS, LLC is a subsidiary of LIFE SPINE, INC., of Hoffman Estates, Illinois, a competitor of Atlas. Further discovery is required as to the role of Life Spine, Inc., with regard to the threats of litigation addressed in this complaint, and its interest in the patent in suit.

## BACKGROUND

8. On September 15, 2009, U.S. Patent No. 7,588,599 (hereinafter "the '599 patent") was issued to Patrick Sweeney for an "Interbody Cage System". The patent discloses a spinal implant. The Defendant is the owner by assignment of the '599 patent. A copy of the '599 patent is attached hereto as Exhibit "A".

9. On July 29, 2011, counsel for the Defendant sent a notice letter to the Plaintiff alleging infringement of the '599 patent by virtue of the Plaintiff's manufacture, sale, and distribution of the "Stature System", a spinal implant. The Defendant demanded that Plaintiff cease all allegedly infringing activities. A copy of the Defendant's letter is attached hereto as Exhibit "B".

10. On August 3, 2011, the Plaintiff sent a preliminary response to the Defendant advising that it was in the process of investigating the Defendant's allegations raised in

preparation of a forthcoming detailed response thereto. A copy of the Plaintiff's preliminary response to the Defendant's letter is attached hereto as Exhibit "C".

11. On August 29, 2011, while the Plaintiff was preparing a response to Defendant's letter, the Defendant issued a renewed cease and desist letter, further threatening to enforce its claimed patent rights. A copy of the Defendant's second letter is attached as Exhibit "D".

12. The first notice of the '599 patent that Plaintiff received was the allegation of infringement set forth in the letter of July 29, 2011. This letter asserted no patent marking pursuant to 35 U.S.C. § 287. Prior to that letter, Plaintiff was never aware of the '599 patent, or that the Stature System was allegedly infringing the patent in suit.

13. In light of the Defendant's demands that (a) Plaintiff immediately stop the sale of the Stature system and any other similarly configured products that allegedly infringe the '599 patent; (b) Plaintiff account to Defendant for all allegedly infringing products previously sold in the United States; (c) Plaintiff discontinue all manufacture, sales activity, and distribution of the allegedly infringing products; and (d) further sales by Plaintiff of the allegedly infringing product may subject Plaintiff to willful infringement damages, the Plaintiff has no reason to believe that the Defendant will be dissuaded by the Plaintiff's forthcoming response. Therefore, the Plaintiff believes that the Defendant's threats of litigation must be addressed now.

14. The Plaintiff is entitled to be able to conduct business in an atmosphere free of litigation threats, and therefore believes that it is necessary to invoke the protections of the Federal Declaratory Judgment Act in this matter.

## COUNT I

## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF '599 PATENT

15. This count seeks a declaration of rights pursuant to the protections of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The Plaintiff repeats and realleges paragraphs 1 through 14 above.

16. The '599 patent has 35 claims, including method claims. In neither letter has the Defendant identified any claim of the patent which the Plaintiff has purportedly infringed. Furthermore, the Plaintiff believes that the Stature System does not infringe any claim of the '599 patent. For example, the Stature System does not contain all elements required by Claim 1 of the '599 patent.

17. Because the Defendant's August 29, 2011, letter contains a serious accusation of infringement, while failing to show with particularity how the Plaintiff allegedly infringed on the Defendant's protectable rights under the '599 patent, and in light of the Defendant's threats and demands for past infringement compensation, the Plaintiff believes that these threats must be addressed now, or else they will cause damage to the Plaintiff as a result.

18. An actual controversy exists between the parties.

19. The Plaintiff is entitled to a judgment declaring that it has not infringed the '599 patent.

## COUNT II

## DECLARATORY JUDGMENT FOR INVALIDITY OF '599 PATENT

20. This count seeks a declaration of rights pursuant to the protections of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, and 112. The Plaintiff repeats and reallges paragraphs 1 through 14 above.

21.     This count is presented in the alternative to Count I. Plaintiff has reason to question the validity of the '599 patent. For example, in the event that the Court's ultimate claim construction in this action results in broad claim coverage for one or more of the claims in the '599 patent, Plaintiff can establish conception, reasonable diligence, and reduction to practice of the Stature System predating the filing date for the '599 patent, pursuant to 35 U.S.C. § 102(g).

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues in this action so triable be presented to a jury.

WHEREFORE, the Plaintiff prays that this Court enter judgment that:

A.      The Plaintiff's Stature System does not infringe the '599 patent;

B.      The '599 patent is invalid for failure to meet one or more conditions of patentability; and

C.      The Plaintiff be granted such other relief as this court deems appropriate.

Respectfully Submitted,

/s/ Brian M. Taillon
Brian M. Taillon
Florida Bar No. 678635
Edward F. McHale
Florida Bar No. 190300

McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, FL 33410
Telephone:   561-625-6575
Fax:         561-625-6572
E-mail:litigation@mchaleslavin.com

Attorneys for the Plaintiff